UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

KYLE J. ALLISON, *et al.*,

        Plaintiffs,

Case No. 5:03-CV-244

v.

Hon. Richard Alan Enslen

THE PEPSI BOTTLING GROUP,
INC.,

        Defendant.

**ORDER**

_____/

Plaintiffs Kyle J. Allison, *et al.* have moved for an award of attorney fees and interest after judgment was previously entered in their favor as to their claims under the Michigan Minimum Wage Law, Mich. Comp. Laws § 408.381 *et seq.* Defendant Pepsi Bottling Group, Inc. has timely opposed the Motion. Oral argument is unnecessary and would only protract the resolution of the Motion.

Plaintiffs' Motion seeks attorney fees pursuant to section 13 of the Law, which permits "such reasonable attorney's fees as may be allowed by the court . . . ." Mich. Comp. Laws § 408.393. This Court retains jurisdiction to determine collateral and supplemental matters, such as attorney fees, notwithstanding the appeal of the underlying judgment. *See Buchanan v. Stanships, Inc.,* 485 U.S. 265, 267-68 (1988); *Budinich v. Becton Dickinson & Co.,* 486 U.S. 196, 202-03 (1988); *AAA Venetian Blind Sales, Inc. v. Beaulieu of Am., Inc.*, 1997 WL 476517, *4 (6th Cir. Aug. 19, 1997); *Reed v. Country Miss, Inc.,* 1995 WL 348041, *2 (6th Cir. June 8, 1995).

Notwithstanding Plaintiffs' success in the suit, there are multiple problems with the request for attorney fees. First, Plaintiffs' attorneys failed to keep contemporaneous time records. *See Knop v. Johnson*, 712 F. Supp. 571, 576 (W.D. Mich. 1989). This failure means that the Court has a justifiable

lack of confidence in the later billings notwithstanding Plaintiffs' counsel's best efforts to prepare accurate billings.   In such a case, the Court is justified, at the least, in reducing the award due to inadequate documentation. *Hensley v. Eckerhart,* 461 U.S. 424, 433-34 (1983).

However, in this case, no reduction is necessary because there are other reasons arguing against the award of any fee.   The language of the statute is discretionary and permits denial of attorney fees in appropriate cases. *See Eide v. Kelsey-Hayes Co.*, 397 N.W.2d 532, 541 (Mich. Ct. App. 1986) (discussing treatment of attorney fees under discretionary Michigan statutes); *Brocklehurst v. PPG Industries, Inc.,* 907 F. Supp. 1106, 1107-08 (E.D. Mich. 1995).   In the instant case, the argument against attorney fees is even stronger than it was in *Eide*.   In *Eide*, a violation of a state discrimination statute was deemed as not warranting attorney fees since the legal violation was not widespread, did not reflect "bad faith" on the part of the employer, and did not affect the employee's ability to find competent counsel (who was sufficiently compensated by a one-third contingency fee).   The same conclusions are warranted in this case.   The violation of the state wage laws was not intentional and did not reflect "bad faith."   Rather, the lawsuit represents a case of disputed statutory interpretation wherein Plaintiffs' counsel were sufficiently compensated by their contingency fee agreement such that an additional award of attorney fees is unnecessary.

Plaintiffs are entitled, however, to an award of pre-judgment and post-judgment interest on their awards under Michigan and federal law.   Pre-judgment interest is allowed under Michigan statute, which statute is controlling as to pre-judgment interest, but is not controlling as to post-judgment interest. *See F.D.I.C. v. First Heights Bank*, 229 F.3d 528, 542 (6th Cir. 2000); *Estate of Riddle ex rel. Riddle v. Southern Farm Bureau Life Ins. Co.*, 421 F.3d 400, 409 (6th Cir. 2005).   The pertinent provisions of the pre-judgment interest statute, Mich. Comp. Laws § 600.6013(8), permit such interest

from the date of the filing of the complaint as calculated in six-month intervals equal to 1 percent plus the average interest rate paid at auctions of 5-year United States treasury notes during the preceding sixth month period.  *See Perceptron, Inc. v. Sensor Adaptive Machines, Inc.*, 221 F.3d 913, 922-24 (6th Cir. 2000) (citing state law).  While the statute is remedial in character and is to be liberally construed, *id.*, this Court cannot overlook the plain statutory statement that the interest calculation commences from the date of the filing of the complaint.  *See id.*  This statutory language is significant because this timing device not only limits compensation, but propels the filing of suits early for the purpose of promptly resolving legal disputes.  An award of pre-judgment interest before the filing of the suit (as requested by Plaintiffs' counsel) would both contradict the statutory language and undermine the statutory incentive to file suits promptly.

As such, both pre-filing interest and attorney fees are denied.  Pre-judgment interest is allowed from the date of the filing of the complaint to the date of judgment.  Post-judgment interest is also allowed pursuant to 28 U.S.C. § 1961(a) from the date of judgment until satisfied.  *See First Heights Bank, supra; Estates of Riddle*, *supra*.[1]

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiffs' Motion for Attorney Fees and Pre-Judgment Interest and Post-Judgment Interest (Dkt. No. 156) is **GRANTED IN PART AND DENIED IN PART** as explained in the preceding paragraph.

DATED in Kalamazoo, MI:
    February 10, 2006

/s/ Richard Alan Enslen
RICHARD ALAN ENSLEN
SENIOR UNITED STATES DISTRICT JUDGE

---

[1]The Court has not formally computed the interest amounts because the parties expressed disagreement about the method of computation rather than its calculation.  The parties may petition the Court for further clarification if they have difficulty in arriving at a computation from this Order.

3